IN THE UNITED STATES BANKRUPTCY COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

|  |  |  |
|---|---|---|
| IN RE | ) ) ) | |
| DOUGLAS A. MURPHY, | ) ) | CASE NO. 04-81352-G3-7 |
| Debtor, | ) ) | |
| ROBBYE R. WALDRON, TRUSTEE, | ) ) | |
| Plaintiff, | ) | |
| v. | ) ) | ADV. NO. 06-8034 |
| JEFFREY S. LONDON, ET AL., | ) ) | |
| Defendants. | ) ) | |

## MEMORANDUM OPINION

The court has held a hearing on the "Motion for Leave to Join American Rice, Inc., as an Additional Counter-Defendant" (Docket No. 14). The following are the Findings of Fact and Conclusions of Law of the court. A separate Judgment will be entered denying the motion. To the extent any of the Findings of Fact are considered Conclusions of Law, they are adopted as such. To the extent any of the Conclusions of Law are considered Findings of Fact, they are adopted as such.

### Findings of Fact

Douglas A. Murphy ("Debtor") filed a voluntary petition under Chapter 7 of the Bankruptcy Code on July 29, 2004. Robbye R. Waldron is the Chapter 7 Trustee.

On November 10, 2004, American Rice, Inc. ("ARI") filed an adversary proceeding excepting to the discharge of Debtor's debt to ARI. An agreed judgment was entered on July 14, 2005, in Adversary No. 04-8044, determining that Debtor's debt to ARI, arising from a state court judgment entered August 28, 2003, was excepted from discharge. (Docket No. 13, Adv. No. 04-8044).

On July 31, 2006, the Chapter 7 Trustee filed the complaint initiating the instant adversary proceeding. In the complaint, Trustee seeks avoidance and recovery, pursuant to Section 548 of the Bankruptcy Code, of assets he asserts that Debtor fraudulently transferred to Defendants.

On May 24, 2006, ARI commenced an action in the 164th Judicial District Court of Harris County, Texas. The defendants are identical to those in the instant adversary proceeding. In its original petition, ARI asserts causes of action for assisting, encouraging and aiding and abetting fraud, participating in fraud, conspiracy to commit fraud, fraudulent transfer under the Texas Uniform Fraudulent Transfer Act, and "piercing theories of liability." The action was removed to the instant court by Defendant Jeffrey S. London on August 18, 2006, and has been assigned Adversary No. 06-8036.

In the instant motion, Defendants seek leave to join ARI as a counter-defendant. Defendants assert that ARI lacks standing to bring the causes of action asserted in Adversary No.

06-8036.  Defendants seek a declaratory judgment in the instant adversary proceeding determining that ARI lacks standing, and seeks to join ARI as a necessary party in order to do so.[1]

### Conclusions of Law

Bankruptcy Rule 7013 provides:

> Rule 13, Fed. R. Civ. P. applies in adversary proceedings, except that a party sued by a trustee or debtor in possession need not state as a counterclaim any claim that the party has against the debtor, the debtor's property, or the estate, unless the claim arose after the entry of an order for relief.  A trustee or debtor in possession who fails to plead a counterclaim through oversight, inadvertence, or excusable neglect, or when justice so requires, may by leave of court amend the pleading, or commence a new adversary proceeding or separate action.

Bankruptcy Rule 7013.

Rule 14(a), Fed. R. Civ. P., as made applicable by Bankruptcy Rule 7014, provides in pertinent part:

> At any time after commencement of the action a defending party, as a third-party plaintiff, may cause a summons and complaint to be served upon a person not a party to the action who is or may be liable to the third-party plaintiff for all or party of the plaintiff's claim against the third-party plaintiff.

Rule 14(a), Fed. R. Civ. P.

In the instant motion, Defendants do not assert that ARI may be liable to Defendants for Trustee's claim against them. Accordingly, the court concludes that leave should not be granted to allow Defendants to add ARI as a third-party defendant.

---

[1] Defendants separately moved, in Adversary No. 04-8036, to consolidate the two adversary proceedings.  That motion has previously been denied on procedural grounds.

The court's determination that leave should not be granted to allow Defendants to add ARI as a third-party defendant does not deprive Defendants of a forum for their assertion that ARI lacks standing.  Defendants may assert, by way of a motion pursuant to Rule 12, Fed. R. Civ. P., as made applicable by Bankruptcy Rule 7012, in Adversary No. 06-8036, that ARI lacks standing to bring the causes of action stated therein.

Based on the foregoing, a separate Judgment will be entered denying the "Motion for Leave to Join American Rice, Inc., as an Additional Counter-Defendant" (Docket No. 14).

Signed at Houston, Texas on this 17th day of October, 2006.

LETITIA Z. CLARK
UNITED STATES BANKRUPTCY JUDGE